IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RONALD K. JORDAN,                              )
                                               )
        Plaintiff,                   )
                                               )
v.                                             )   No. 07-4118-CV-C-NKL
                                               )
JEREMIAH W. NIXON, in his Official Capacity    )
as Attorney General of the State of Missouri,  )
                                               )
        Defendant.                   )

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff Ronald Jordan filed this suit on June 22, 2007, seeking the return of funds which were removed from his prison inmate account. The State of Missouri withdrew the funds to recover some of the costs of plaintiff's care and custody while he is incarcerated, pursuant to the Missouri Incarceration Reimbursement Act, Mo. Ann. Stat. § 217.825 et. seq. (2004). Before taking the money, the State obtained an order from the Circuit Court of Cole County, Missouri, authorizing the Inmate Treasurer of the Department of Corrections to pay ninety percent of plaintiff's account balance to the State of Missouri, Inmate Incarceration Reimbursement Act Revolving Fund.

      Plaintiff appealed the order, and upon a joint motion, the matter was remanded to the Circuit Court. On remand, plaintiff obtained an order reversing the initial order and directing the receiver to return immediately the funds withdrawn from plaintiff's account and to allow plaintiff access to the money without restrictions. The receiver, however, did not deposit the money into plaintiff's inmate account or otherwise return it, and plaintiff then filed this suit under 42 U. S. C. § 1983.

In September 2007, defendant Nixon filed a motion to dismiss for plaintiff's failure to state a claim.[1]  Defendant asserts plaintiff does not allege the deprivation of a constitutional right, and defendant is entitled to immunity when he is sued in his official capacity.

Plaintiff responds that his complaint clearly asserts he was deprived of his property without due process of law, which is a Fourteenth Amendment violation.  Further, he claims immunity is not a bar to this action, because he is seeking prospective injunctive relief.  He also requests leave to amend his complaint.

In response to plaintiff's motion to amend his complaint, Nixon asserts several grounds for denial of the amendment and/or dismissal of the complaint.  Specifically, defendant claims that the court should abstain because there are ongoing state proceedings and that plaintiff has an adequate state law remedy, so was not denied due process.  Further, Nixon claims he and proposed defendant Harper are not alleged to have been personally involved in the deprivation, they have immunity from the claims, and plaintiff has not alleged an injury.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff.  Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property.  Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990); Sours v. Armontrout, No. 87-1240, slip op. (8th Cir. June 1,

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

1987) (unpublished).  Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion.  <u>Hardesty v. Mr. Cribbin's Old House, Inc.</u>, 679 S.W.2d 343, 347 (Mo. App. 1984).  <u>See also Knight v. M.H. Siegfried Real Estate, Inc.</u>, 647 S.W.2d 811, 814 (Mo. App. 1982).  Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities.  <u>See Harris v. Munoz</u>, 2001 WL 118147 (Mo. App. Feb. 13, 2001); <u>Jungerman v. City of Raytown</u>, 925 S.W.2d 202 (Mo. Banc 1996); <u>Jackson v. Wilson</u>, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

In his opposition to the motion to amend, filed in October 2007, Nixon argues that the court should abstain in this case because there are ongoing state appellate proceedings.  Plaintiff has not filed suggestions in opposition to abstention or otherwise replied to the pleading.

It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts.  <u>See Burford v. Sun Oil Co.</u>, 319 U.S. 315, 332 (1943).  The court may abstain when there is a pending state court proceeding involving the same subject matter.  <u>Amdur v. Lizars</u>, 372 F.2d 103 (4th Cir. 1967); Annotation, <u>Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court</u>, 5 A.L.R. Fed. 10 (1967).  This is known as the abstention doctrine and is followed in the federal court system today.  <u>See Younger v. Harris</u>, 401 U.S. 37, 46 (1971).

Here, plaintiff appears to have adequate state court remedies which will provide him with the required due process, and there are ongoing state appellate proceedings addressing the issue of whether the state may take the money from plaintiff's inmate account to reimburse the state for the costs of plaintiff's incarceration.

Thus, dismissal is appropriate for plaintiff's failure to state a claim under 42 U.S.C. § 1983 for the deprivation of his property.  Dismissal is also appropriate under the abstention doctrine because there are ongoing state proceedings dealing with the same subject.  Therefore, the court does not find it necessary to address the other issues raised in the pending motions to dismiss and to amend.

Accordingly, it is

ORDERED that plaintiff's motion of September 27, 2007, to amend his complaint is denied, without prejudice to reconsideration if this case is not dismissed in accord with this report and recommendation. [7] It is also

RECOMMENDED that defendant's motion of September 18, 2007, to dismiss be granted for plaintiff's failure to state a claim for which relief can be granted. [5] It is further

RECOMMENDED that in the alternative, plaintiff's complaint be dismissed, without prejudice, pursuant to the abstention doctrine because there are ongoing state proceedings dealing with the same subject.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 12th day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge